# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ODYSSEY CONTRACTING CORP., | ) | |
| | ) | |
| Appellant, | ) | Civil Action Nos. **18-456** & **18-458** |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| L&L PAINTING CO., INC. *and* | ) | |
| FEDERAL INSURANCE COMPANY, | ) | |
| | ) | |
| Appellees. | ) | |

## **ORDER**

For the reasons that follow, Odyssey's appeal to this District Court will be dismissed, as will the parties' adversarial bankruptcy proceeding.

The parties and counsel are familiar with the procedural history, and substance, of the instant matters, and the Court writes only for their benefit. In advance of a bench trial before the Bankruptcy Court, the parties filed a Stipulation dictating the legal-effect of that Court's decision. The Stipulation, which was signed by the parties and approved by order of the Bankruptcy Court, stated in relevant part:

> [The parties] hereby stipulate and agree as follows with respect to their respective claims with regard to the project known as the Repainting of the Queensboro Bridge . . ., which claims are pending in this proceeding and presently scheduled for trial . . . before [the Bankruptcy] Court: In the event [the Bankruptcy Court] determines after trial that Odyssey was the breaching party, then L&L's damages claim[s] . . . will be deemed to exceed Odyssey's damages claims[,] . . . . <u>all of the [p]arties' pending claims will be withdrawn and disposed of in their entirety with prejudice[,] . . . . and this proceeding shall be deemed to be finally concluded in all respects</u>. The [p]arties shall exchange mutual final releases reflecting the terms of this Stipulation.

Doc. 8-1 in Civil Action No. 18-458, at pgs. 3 through 5 of 202 (emphasis added).

The Bankruptcy Court held a trial, and afterward, it issued a detailed 42-page memorandum opinion, holding that Odyssey was, in fact, the breaching-party. Accordingly, the Bankruptcy Court contemporaneously-issued an order directing the parties to resolve the adversarial proceeding "in compliance with [their] Stipulation." Doc. 8-1 at pgs. 53 and 54 of 202. The order closed by directing the parties to file a joint-status report, shortly thereafter, regarding their compliance. *Id.*

Before the status-report deadline expired, Odyssey filed notices of appeal to the District Court, in the adversarial proceeding and in Odyssey's related Chapter 11 action. The appeals have been consolidated in this Court at Civil Action No. 18-458.

L&L's Motion to dismiss this appeal is well taken.[1] Although L&L urges that the relevant inquiries be addressed under the rubric of Federal Civil Rules 16 and/or 60, the Court believes that the Stipulation, alone, is the starting and ending point. Similarly, neither side's cited-case law is particularly illuminating, as relates to the specific issues and circumstances involved; and the Court's independent research has failed to uncover on-point legal authority. At bottom, the Court is left with the specific-circumstances presented, and common sense notions of judicial administration and fairness.

The language of the Stipulation, as drafted and signed by the parties, is clear. In the event that Odyssey was found the breaching-party, that ruling rendered the adversarial proceeding "finally concluded," "with prejudice." Odyssey's counsel clearly knew, or should have known, that their client may-well disagree with the Bankruptcy Court's decision. In failing to address the possibility of an appeal, it appears that only one of three things could have been

---

[1] The interests of appellees L&L and Federal Insurance Company are aligned, and they will be referred to collectively as "L&L."

true: Odyssey and its counsel meant what they said, and the ruling fully and finally resolved the matter; Odyssey and its counsel failed to consider the possibility of wanting to appeal (an unflattering picture of Odyssey, a sophisticated business-entity, and its counsel, to be sure); or (least-flatteringly) they were deliberately-obtuse, with the hope of having their cake and eating it too.

Options two and three are troublesome, and the Court will not impute them to Odyssey or its counsel. That leaves option-one, under which the Bankruptcy Court's merits-decision is the last word. To the extent that Odyssey prefers the other conclusions, or another one the undersigned presently cannot fathom, the Court rejects its arguments and finds that "th[e adversarial bankruptcy] proceeding [has been] deemed to be finally concluded in all respects." *See* discussion *supr*a (quoting Stipulation).

These things being said, the Court cannot fully-endorse L&L's position that Odyssey has misconstrued the issues as involving appellate-waiver. The inability of Odyssey to properly appeal the Bankruptcy Court's trial-determinations is the proverbial "elephant in the room," and this Court does not believe that turning a blind-eye improves the situation.

Somewhat relatedly is the question of what's next. The Court is immovable in its conclusion that an appeal to the District Court is improper; and remanding the case so that the Bankruptcy Court further may interpret and enforce its order approving the Stipulation appears senseless (given that Odyssey most-likely would appeal the resulting-decision to this Court). Similarly, forcing Odyssey's hand to negotiate and execute a release likely would result in additional, protracted legal-wrangling; and it would not result in L&L's presumed end-goal (namely, preventing or undermining Odyssey's appeal to the Circuit).

Under the circumstances, the Court will modify the Bankruptcy Court's order dated March 20, 2018, such that it constitutes a dismissal of the adversarial action, with prejudice, in conformity with the parties' Stipulation. In re Cohen, 106 F.3d 52, 55 n.1 (3d Cir. 1997) (on appeal, a district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order or decree") (citation omitted, emphasis added); *accord* Garrett v. Chase Home Finance, 2018 WL 306792, *2 (M.D. Pa. Jan. 5, 2018) (same). The ruling also is dispositive of "*Debtor's Objection to Claim No. 16 by L&L Painting Co., Inc.,*" in the Chapter 11 proceeding. *See* Bankr. Ct.'s Mem. Opinion at 2 (Doc. 8-1 in Civil Action No. 18-458, at pg. 11 of 202).

Consistent with the foregoing, the Bankruptcy Court's Order dated March 20, 2018 is modified, as follows:

1. The Bankruptcy Court having determined after trial that Odyssey was the breaching party, L&L's damages claim(s) for the said breach(es) are deemed to exceed Odyssey's damages claims for all of its claims including its claims (a) against L&L and Federal for alleged non-payment for work performed and/or other alleged breaches, and (b) against L&L for alleged conversion of Odyssey's equipment, tools, and other property; and, thereupon, **all of the parties' pending claims are disposed of in their entirety with prejudice**.

2. The disposition of the parties' respective claims in paragraph "1" above shall include all their damages claims for alleged non-payment, breach of contract, conversion, and any and all other alleged wrongdoing of any type or description; and shall also include each party's respective claims for interest, costs, attorneys' fees, and any and all other charges, claims, or causes of action of any nature which each party has asserted, could have asserted, or may at any time in the future assert against any other party relating to the Project or

4

the work at the Project; and **the proceeding is deemed to be finally concluded in all respects**.

Otherwise, L&L's Motion to Dismiss (**Doc. 7 in Civil Action No. 18 458**, as amended in Doc. 10) is **GRANTED**; the appeals at Civil Action Nos. 18-458 and 18-456 are **DISMISSED**; the cases will be marked closed; and Rule 58 judgments will issue.[2]

IT IS SO ORDERED.

December 20, 2018                                         s/Cathy Bissoon
                                                          Cathy Bissoon
                                                          United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[2] Although the substance of Odyssey's putative-appeal is not presently before the Court, Odyssey's opposition-papers offer a preview. *See* Doc. 28 in Civil Action No. 18-458 at 9-11 (arguing that Bankruptcy Court's trial-rulings were "at odds with applicable New York law"). Having carefully reviewed the Bankruptcy Court's opinion, however, this Court questions the wisdom of counsel's suggestion that the decision is likely to succumb under the governing appellate-standards − as relates to the specific issues-referenced, or more generally. *Cf. id.* at 9 (opining that the issues on appeal are/will be "plainly meritorious"). Judge Böhm's 42-page opinion, which is meticulous and painstaking in detail, gave careful consideration to all of the parties' legal positions; and she offered cogent, well-reasoned explanations for her determinations. Although this Court cannot dictate where things go from here, Odyssey and its counsel would be well-served to engage in careful self-reflection, vis-à-vis the likelihood of their ultimate-success; the attendant cost-benefit analyses; and the common-desire not to "throw good money after bad."